UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGEL H. [1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:22cv217 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since March 5, 2013, (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: hepatic steatosis; obesity; and bipolar disorder with anxious distress (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that

2

        meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can occasionally climb stairs or ramps, stoop, kneel, crouch, or crawl; can never climb ladders, ropes, or scaffolds or balance as the term is used vocationally. Work with a moderate level of noise, and no work outdoors. Occasional exposure to fumes, dusts, odors, gases, and poor ventilation. With work that can be learned in 30 days or less, with simple routine tasks, simple work-related decisions, routine workplace changes, and no production rate work. She is able to remain on task in two-hour increments. With occasional interaction with co-workers, supervisors, and the general public.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 16, 1981 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 16, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17-26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on January 4, 2023. On March 15, 2023 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on April 14, 2023. Upon full review of the record in this cause, this court is of the view that the

Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

At the outset, this Court notes that Plaintiff has filed at least four prior SSI applications, all of which were denied. Her current application was filed on November 16, 2019 and, thus, the relevant dates in this case are November 16, 2019 through October 19, 2021. Plaintiff makes much of the fact that the ALJ in this case was perhaps initially confused as to the status of the case before her, and needed to clarify whether the case was before her on remand from this Court, or was a new application altogether. (Tr. 40-41). Plaintiff speculates that the ALJ could have been considering the wrong time period. However, there is nothing in the decision to support Plaintiff's speculation.

In support of remand, Plaintiff asserts that the ALJ's analysis of Plaintiff's subjective

complaints was erroneous and that the ALJ relied too heavily on activities of daily living. Plaintiff refers the Court to her own testimony at the hearing, as well as various diagnoses. However, as the Commissioner points out, mere diagnoses and subjective statements alone are insufficient to establish functional limitations.  20 CFR 416.912. A review of the decision reveals that the ALJ found that Plaintiff's symptoms did not occur with such frequency, duration, or severity as to preclude all work activity. (Tr. 22).  As this finding is supported by substantial evidence in the record, remand is not warranted.

The record shows that the ALJ evaluated Plaintiff's hepatic steatosis  (Tr. 18, 22). She acknowledged Plaintiff's complaints of abdominal pain, weight loss, sleep disturbance, nausea, and cramping but noted that the physical examinations showed mostly normal findings.  The ALJ cited numerous supportive evidentiary references (Tr. 22). The ALJ also noted the diagnostic evidence showing improvement in Plaintiff's abdominal and pelvic symptoms (Tr. 22-23).The ALJ further noted Plaintiff's recent records from her gastroenterologist showing no pancreatitis, pancreatic mass, ductal dilation, or pseudocyst (Tr. 23). She considered the treatment measures, including medication, Plaintiff used to help relieve her symptoms (*Id*.).

Additionally, the ALJ considered Plaintiff's allegations of mental impairments and recounted her history of domestic and substance abuse with long-term sustained sobriety (Tr. 23). The ALJ noted largely normal mental status exam findings with normal behavior, judgment, cognition, and memory. She considered Plaintiff's medications and conservative treatment history. The ALJ also considered Plaintiff's obesity and its impact on her RFC (*Id*.). Lastly, as required by the pertinent regulations, the ALJ considered Plaintiff's activities of daily living, which included the ability to prepare meals, shop in stores, perform household chores, and manage finances, among other things (Tr. 23-24). Notably, Plaintiff has failed to cite to any specific examples of functional

5

limitations that the ALJ should have included in the RFC. Nor has Plaintiff set forth any argument or evidence that the ALJ misconstrued the evidence or failed to include Plaintiff's documented impairments in the RFC. Clearly, the decision is supported by substantial evidence.

As there are no errors in the decision, it will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: May 5, 2023.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court